THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT KRUGER, Appellant, *v.* WILLIAM E. SNYDER, as Acting Warden of Clinton Prison, Dannemora, N. Y., Respondent.

Third Department, March 5, 1941.

*Albert Kruger*, appellant *in pro per.*

*John J. Bennett, Jr., Attorney-General* [*Harry P. Kehoe, Assistant Attorney-General*, of counsel], for the respondent.

BLISS, J. The record is scanty. The gravamen of appellant's complaint, however, seems to be that he was improperly sentenced as a fourth offender for the term of his natural life by the County Court of Queens County in May, 1929, upon conviction of the crime of burglary, third degree. He argues that one of his previous convictions which was had in 1921 was for the stealing of property of the value of $60, and such theft if committed in 1929 would not have been a felony. At the time of the commission of the crime of 1921, section 1296 of the Penal Law made it grand larceny to steal property of the value of more than $50 but not exceeding $500. Later, by chapter 679 of the Laws of 1927, section 1296 of the Penal Law was amended so as to make it necessary that one steal property of the value of more than $100 but not exceeding $500 in order to be guilty of grand larceny, second degree. Thus appellant contends that while the theft of which he was convicted in 1921 was at that time a felony, it would not have been a felony in 1929. The statute under which appellant was punished as a fourth offender in 1929 is section 1942 of the Penal Law (as amended by chapter 457 of the Laws of 1926) and at that time it provided " a person who, after having been three times convicted within this State, of felonies * * * commits a felony within this State, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a State prison for the term of his natural life."

Appellant's conviction in 1921 was for a felony under the statutes as they then existed. The fact that the minimum value of the property stolen then necessary to make his crime a felony was by a later statute raised from $50 to $100 does not benefit the appellant. He still stood convicted of a felony even though his theft would not have been a felony had he committed it after the minimum value was thus increased. It is the statute as it exists at the time of the commission of the crime that is controlling and determines the nature and degree of the crime and, in fact, determines whether or not the offender has committed any crime at all. Consequently, in 1929 when appellant was sentenced as a fourth offender, he had then been " three times convicted within this State, of felonies " and the County Court had no discretion other than to sentence him as a fourth offender for the term of his natural life.

The order should be affirmed, without costs.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Order affirmed, without costs.