THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL SALATTE, Defendant.

County Court, Onondaga County, August 17, 1945.

*Irving J. Devorsetz* for defendant.

*William H. Bowers, District Attorney (Daniel J. Kelly* of counsel), for plaintiff.

MALPASS, J.   This is a motion to vacate a judgment of conviction and the sentence imposed thereunder and also for an

order directing the production of the defendant in this court upon the argument of the motion.

The defendant, Michael Salatte, was convicted in this court on the 30th day of June, 1939, on his plea of guilty to an indictment charging him with the crime of assault in the first degree. After his plea of guilty to this charge was entered, the defendant was arraigned upon an information filed by the District Attorney charging the defendant with having been convicted of felonies on four occasions prior to the date of the commission of the crime of assault in the first degree. On the first of these prior convictions sentence was deferred or suspended and the defendant placed on probation. On each of the three remaining convictions the defendant was sentenced to serve a term in a penal institution. The defendant pleaded guilty to the information, thus admitting the prior convictions as alleged in the information. The defendant was sentenced as a fourth offender to a term in Attica State Prison of not less than fifteen years nor more than life, which is the minimum sentence for a fourth felony offender. (Penal Law, § 1942.)

The petition of the defendant in support of this motion sets forth the claim that one of the prior convictions charged against him in the information is a "false" charge. The information charged that on March 22, 1921, the defendant was convicted of the crime of grand larceny in the second degree, charged as a first offense. The defendant, on his arraignment on the information, admitted this, but he now asserts that on March 22, 1921, he pleaded guilty to the charge of petit larceny, a misdemeanor, and not to the felony charge.

The answering affidavits of the District Attorney, in opposition to the motions of the defendant, contain certified copies of records of the court which would seem to conclusively prove that the conviction of March 22, 1921, was one for grand larceny in the second degree. The facts as to that conviction are as follows. The defendant was indicted for the crime of grand larceny in the second degree charged as a second offense. On March 17, 1921, the defendant was arraigned on this indictment and pleaded guilty as charged in the indictment. On March 22, 1921, the defendant was before the court and, with the consent of the District Attorney, was permitted to withdraw his plea of guilty to the indictment *and to enter a plea of guilty to grand larceny in the second degree charged as a first offense.* The defendant was thereafter sentenced to serve a term of one year in the Onondaga County Penitentiary.

Prior to 1936, the year in which section 342-a of the Code of

Criminal Procedure and section 1943 of the Penal Law were enacted into law, it was common practice to permit a defendant who had been indicted as a second offender to plead guilty to the crime " charged as a first offense ". (*People ex rel. Kleinger* v. *Wilson*, 254 App. Div. 406; *People* v. *Simon*, 178 App. Div. 660; *People ex rel. Goldstein* v. *Clancy*, 163 App. Div. 614.) In 1921 grand larceny in the second degree was committed in the theft of property of a value in excess of $50. The indictment of 1921, to which the defendant pleaded guilty, charged the theft of $71.50 and his conviction was of a felony. (*People ex rel. Kruger* v. *Snyder*, 261 App. Div. 352; *Matter of Emert* v. *Thorn*, 249 App. Div. 301.)

The petition of the defendant states: " That in the Onondaga County Court, on the 25th day of November, 1929 petitioner pled guilty to indictment # 981 charging Burglary 3rd degree, thereupon was sentenced as a second offender to Auburn Prison for a definite term of 10 years." Indictment No. 981 charged the defendant with the crime of burglary after conviction within this State of the crime and felony of grand larceny in the second degree committed as follows: " The said Michael Salatte on the 22nd day of March nineteen hundred and Twenty-one was duly and regularly convicted in the County Court of the County of Onondaga and State of New York of the crime of Grand Larceny in the Second Degree, and was thereupon sentenced by said Court upon said conviction to imprisonment in the Onondaga County Penitentiary for a term of one year." Although the defendant, in November, 1929, pleaded guilty to this charge contained in indictment No. 981, he now asserts, as before stated, that this is a false statement of what occurred in March, 1921.

The only proof which the defendant has offered in support of his claim is a certified copy of the record of his conviction in Oneida County on June 4, 1924, of the crime of burglary in the third degree, upon which he was sentenced to Elmira Reformatory. No reference is made in this record to any prior conviction. The defendant asserts that, because the law provides that sentence to Elmira Reformatory can be pronounced only when the defendant is a first felony offender [Penal Law, § 2185], it follows that this Oneida County Court record proves that he, at that time, had no prior felony convictions. The records of the court in which the conviction was had in March, 1921, are the only court records which have any probative value as to what occurred at that time.

After a careful examination of the petition, affidavits and court records the court is convinced that the judgment of conviction and the sentence pronounced thereupon are in all respects legal and valid.

The application of the defendant to be produced in this court for the purpose of offering evidence in support of his claim does not appear to be founded upon any reasonable probability that he could produce any evidence beyond that appearing in his petition and affidavits and the afore-mentioned Oneida County Court record. In *Matter of Lyons* v. *Goldstein* (290 N. Y. 19, 25) to which counsel for defendant has referred, it is said: " Indeed, it is settled that to deny a person an opportunity to be heard *on proof* that he was defrauded or coerced into pleading guilty to a crime would impair a constitutional right " (italics supplied). In this application *no proof* has been offered by the defendant which is sufficient to raise even a question of fact which requires his personal attendance in this court. The defendant is not entitled to an order for his production as a matter of right under the facts existing in this case. (*People* v. *Gruberman,* 183 Misc. 535.) As a matter of discretion, this court holds that the application of the defendant for any order directing his production in this court should be denied.

The application of the defendant to be produced and the motion to vacate the judgment herein are denied and an order to that effect may be entered herein.