The People of the State of New York ex rel. Otto Goldman, Alias Dan A. Mitchell, Respondent, against J. Vernel Jackson, as Warden of Clinton Prison, Respondent. The People of the State of New York, Appellant.

Third Department, March 20, 1952.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Herman N. Harcourt* of counsel), for appellant.

*Harry Gold* for petitioner-respondent.

*Louis G. Bruhn, District Attorney of Ulster County.*

*Per Curiam.* The relator was arrested in Ulster County as a fugitive from justice upon a charge of obtaining $1,500 on false pretenses in Connecticut. On this charge he was committed to the Ulster County jail under an order of commitment of the County Judge of that county and while in jail he escaped.

The New York statute (Penal Law, § 1694) provides that such an escape is a felony if the custody " is upon " a charge, arrest or commitment " for a felony " and otherwise is a misdemeanor.

The obtaining of money by false pretenses in Connecticut by the statute of that State (Connecticut General Statutes [1949 Revision], § 8696) as we here refer to it from the briefs before us, does not in itself or in terms describe the crime either as a felony or as a misdemeanor. The maximum punishment may extend to an imprisonment of not more than three years.

The relator after his escape from the Ulster jail was indicted in that county under an indictment which alleged the escape was a felony, and while the text of the indictment is not before us we must presume that it sufficiently alleged the felonious escape, since no question was or is raised about its sufficiency in this respect.

To this allegation relator pleaded guilty and was sentenced to prison. The court at Special Term has discharged him on the ground there was no jurisdiction to entertain this plea because under Connecticut law the offense for which relator had been committed to jail was not " a felony " within the intent of the New York statute on escapes from custody.

It would be a departure from established New York practice to reach the question here by habeas corpus. The relator was indicted by a Grand Jury in a court having jurisdiction of the crime and of the person of the relator and to the accusation that he had escaped from such a custody as to constitute a felony under section 1694 of the Penal Law, he pleaded guilty.

If the true fact was that he had never been arrested or never been in custody or had not escaped from custody, the question would not be open to inquiry by habeas corpus. What the Connecticut law amounted to for the purpose of determining the gravity of the escape in New York was a question of fact and not of law.

Whether there was a charge in Connecticut and whether it was there a felony or misdemeanor were both questions for inquiry in New York on the indictment for the New York crime. If by the plea of guilty before a court having jurisdiction, relator admitted these things, habeas corpus could not possibly lie to hold there was no jurisdiction.

It may be that there was a mistake in the facts pleaded and admitted by the relator and in evaluating the Connecticut charge

as a felony there. If this was so, the relator may apply to the court which entered the judgment to vacate it, but this is by invoking the jurisdiction of the court, not by denying its jurisdiction.

In *People* v. *Olah* (300 N. Y. 96) the appeal was a direct appeal from the judgment by which the appellant was sentenced October 15, 1948 as a second offender in the General Sessions and an appeal from a second order, November 9, 1948 on a motion to vacate the judgment. (See statement in the Appellate Division, 275 App. Div. 319.)

The Connecticut law might be proved as a fact; or the court might take judicial notice of it without proof, but what the Connecticut law meant or said could never become the test of a New York court's jurisdiction. The Connecticut statute may have been mistakenly interpreted, but the New York court had the power (and the jurisdiction) to make a mistake of fact not reviewable by habeas corpus.

The " plea " considered in *People* v. *Olah* was not the plea in the New York court, but the effect as a matter of New York law of the plea in the New Jersey court to a crime which would not be regarded in New York as a felony (300 N. Y. 96, 98, *supra*).

The order in habeas corpus should be reversed and the petition dismissed but without prejudice to an application, if relator is so advised, to the County Court of Ulster County addressed to the judgment of conviction.

HEFFERNAN, J. (dissenting). On June 29, 1948, petitioner was arrested by a police officer in Ulster County on a teletype message received from the police department of Hartford, Connecticut. The arrest was predicated on a complaint that petitioner was a fugitive from justice in that he was charged with the crime of obtaining money in the amount of $1,500 by false pretenses in the State of Connecticut.

Thereafter, petitioner was arraigned before the County Judge of Ulster County at which time the testimony of the arresting officer was taken, at the conclusion of which the Judge decided that petitioner was the person charged with having committed the crime as alleged in the information and that he was a fugitive from justice. In default of bail the judge thereupon committed petitioner to the county jail of Ulster County.

On July 11, 1948, petitioner and several other persons escaped from jail and in effecting such escape they assaulted the jailor. Thereafter petitioner was apprehended and later

was indicted on a charge of assault in the second degree and also for the crime of feloniously escaping from prison in violation of section 1694 of the Penal Law.

On September 9, 1948, upon being arraigned in the Ulster County Court upon the indictment, petitioner pleaded guilty thereto and the court sentenced him to Clinton Prison for an indeterminate term of two and one half to five years for each crime, the sentences to run consecutively.

On August 16, 1951, the Special Term sustained a writ of habeas corpus sued out on behalf of petitioner, voided the sentence for felonious escape and directed that petitioner be discharged from custody upon the completion of his sentence, which had not yet expired, for the crime of assault. From that order the People have come to this court.

The question for determination before us is whether or not petitioner was lawfully convicted as a second offender of the crime of felonious escape in violation of section 1694 of the Penal Law.

Section 1941 of the Penal Law provides that a person convicted of a felony within this State is to be punished as a second offender if he was previously "convicted * * * under the laws of any other state * * * of a crime which, if committed within this state, would be a felony".

The pertinent provisions of section 1694 are: " A prisoner who, being confined in a prison, or being in lawful custody of an officer or other person, escapes from such prison or custody, is guilty of felony if such custody or confinement is upon a charge, arrest, commitment, or conviction for a felony; and of a misdemeanor if such custody or confinement is upon a charge, arrest, commitment or conviction for a misdemeanor ".

Under the provisions of the section of the Penal Law just quoted it is essential that a prisoner must be *charged, arrested, committed or convicted of a felony* before he can be found guilty of a felonious escape.

In his brief the Attorney-General asserts that petitioner was not only *arrested* for a felony but likewise that he was *charged* with a felony. That assertion has no support whatever in the record before us. Petitioner was not charged with the commission of a felony in this State; neither was he charged with the commission of a felony in the State of Connecticut. The charge against petitioner in the latter State is that he violated

section 8696 of the Connecticut General Statutes (1949 Revision) which reads, as follows: "Any person who shall, by any false token, pretense or device, obtain from another any valuable thing or leasehold interest or the performance of any valuable service, with intent to defraud him or any other person, or shall obtain from another person any valuable thing or the performance of any valuable service by means of delivering a check or an order or draft on a third party, purporting to be an order for the payment of money, when such person knows that the maker is not entitled to draw on the drawee for the sum specified, shall be fined not more than five hundred dollars or imprisoned not more than three years or both."

The offense of obtaining money by false pretenses is not a felony under the provisions of that statute. The statute itself does not so declare. The crime is the same whether the amount involved is $1 or $1,500. The maximum fine that may be imposed for such an offense is $500; no minimum is prescribed. The jail sentence may not exceed three years and here again no minimum is fixed. A person convicted under that statute could legally be punished by a fine of $1 or imprisonment of one day, or both. It logically follows that a conviction under the Connecticut statute could not be treated as a prior felony within the meaning of section 1941 of the Penal Law (*People* v. *Olah,* 300 N. Y. 96). If a conviction under the Connecticut statute may not be regarded as a prior felony conviction, certainly the mere charge of a violation of such statute cannot form the basis of felonious escape under the provisions of section 1694 of the Penal Law. We agree with the learned Justice at Special Term wherein he said, "If conviction under a foreign statute is not accepted in this State as a prior felony conviction, certainly no greater force can be applied to the mere charge of a violation of this foreign statute".

From what has been said it follows that the judgment for the crime of felonious escape is void and the sentence imposed therefor is a nullity.

The Attorney-General insists that petitioner may not challenge the legality of the void judgment through the medium of a writ of habeas corpus. In our opinion this contention cannot be sustained. The writ of habeas corpus is the appropriate remedy to attack the void judgment (*People ex rel. Kondrk* v. *Foster,* 299 N. Y. 329; *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540; *People ex rel. Newman* v. *Foster,* 297 N. Y. 27).

Petitioner's time to appeal has expired and as was said by a distinguished Judge many years ago in *People ex rel. Scharff* v. *Frost* (198 N. Y. 110, 118), " he is helpless, unless he can obtain relief through the great writ of liberty, which, searching into jurisdiction with remorseless energy, opens prison doors and strikes off chains whenever a court has condemned without power ".

Petitioner is presently being lawfully detained in prison under the judgment of conviction of the crime of assault in the second degree. His sentence thereunder has not yet expired. He may not be discharged until he has suffered as much as was within the power of the court to impose. That fact, however, is not fatal to his application for relief under the void judgment. The excess penalty is separable and one which may be discarded without disturbing the valid portion of the sentence (25 Am. Jur., Habeas Corpus, § 59).

The order appealed from should be affirmed.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur in *Per Curiam* opinion; HEFFERNAN, J., dissents in opinion.

Order in habeas corpus reversed, on the law and facts, and petition dismissed but without prejudice to an application, if relator is so advised, to the County Court of Ulster County addressed to the judgment of conviction.