THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN KERSCHMAN, Appellant.— Appeal by defendant from an order of the County Court, Kings County, denying a motion to vacate a judgment of conviction on a plea of guilty of attempted grand larceny in the second degree and sentence as a third felony offender and for resentence as a first offender. Order affirmed. When the defendant pleaded guilty in the County Court of Kings County, the convictions for a felony in the County Court of Bronx County and for a felony in the United States District Court for Illinois were duly established. At the time of the conviction in the Federal court in 1934, the acts charged in the Federal indictment would have constituted a felony under section 1308 of the Penal Law as it then read. It was not then necessary to establish a value of stolen property criminally received or concealed in excess of $100 in order that there might be a conviction for a felony. (*People* v. *Morgan,* 270 App. Div. 859.) The County Court of Kings County was not bound by the subsequent determination by the County Court of Bronx County that it had improperly counted the Federal conviction at the time the defendant was sentenced in that court. When the defendant came before the County Court of Kings County, that court was obliged to and did consider the information which charged the defendant with the felony in the Federal court. Its determination that such felony had to be counted against the defendant was subject to review by an appeal from its judgment, which was not taken. There is nothing in this record to indicate that when the County Court of Bronx County originally sentenced the defendant, any error of fact as to the Federal indictment not in that court's record had occasioned the sentence as a second offender, or that the court was without power to sentence as it did. (Cf. concurring opinion of FULD, J., in *People ex rel. Harrison* v. *Jackson,* 298 N. Y. 219, 227–228.) The judgment entered in the County Court of Bronx County, which resentenced the defendant as a first offender, was made *nunc pro tunc* as of the date of the original sentence. His " conviction " as distinct from the judgment on conviction (Code Crim. Pro., § 517) was not revoked. Under such circumstances, the County Court of Kings County properly denied the motion to vacate its judgment and resentence the defendant. He had begun service of the sentence imposed and the time to appeal had expired. Adel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.