THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL KELLEY, Relator, against WILFRED L. DENNO, as Warden of Sing Sing Prison, Defendant.

Supreme Court, Special Term, Westchester County, May 7, 1954.

*Nathaniel L. Goldstein, Attorney-General (Harold Borgwald* of counsel), for defendant.

*Paul Kelley,* relator in person.

EAGER, J. A writ of habeas corpus was issued on the petition of Paul Kelley, who claimed that his sentence as a second felony offender was invalid in that a prior conviction in New Jersey, counted as a felony, was not in fact equivalent to a felony conviction. The defendant warden of Sing Sing Prison moves to dismiss the petition and quash the writ upon the ground that it is insufficient on its face to justify the writ or to entitle the petitioner the relief asked. The motion is granted.

The petition is clearly insufficient. It is expressly provided by statute that a person is not entitled to a writ of habeas corpus " Where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction; or the final order of such a tribunal

made in a special proceeding instituted for any cause, except to punish him for a contempt; or by virtue of an execution or other process issued upon such a judgment, decree or final order." (Civ. Prac. Act, § 1231.) And it is expressly provided by section 1234 of the Civil Practice Act, that the petition for a writ must state in substance that the petitioner " has not been committed and is not detained by virtue of any judgment, decree, final order or process, specified in " said section 1231. The petition here before the court does not comply with these express statutory provisions. On the contrary, it appears that the petitioner is imprisoned under a conviction and sentence of the Court of General Sessions of the County of New York. It appears from the petition that he was sentenced to from five to twenty years as a second offender " on the basis of an information filed with the General Sessions Court, by the District Attorney of New York County, alleging that defendant has been previously convicted of a felony in the State of New Jersey, to wit: in the month of July, 1942, in Union County, New Jersey, of (only) allegations made by the New Jersey Prosecutor for the alleged crime of breaking, entering and larceny." The petitioner then alleges that the conviction in New Jersey was for " larceny " instead of breaking and entering, and that such a conviction is not of the grade of a felony. This claim of the petitioner does not appear to be substantiated by the record of the Court of General Sessions. It does not appear but that the specific sentence imposed was within the power and *competence of the said court*. If there were error in fixing the sentence, it is not jurisdictional. The error, if any, arises solely because of an erroneous adjudication of the Court of General Sessions that the offense in New Jersey was of the nature of a felony. The remedy to correct such an error was by appeal from the original conviction or by application for a rehearing to the court which fixed the sentence. Habeas corpus does not lie. (See opinion of FULD, J., *People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219, 226-228; *People ex rel. Campiglia* v. *Jackson*, 271 App. Div. 860, motion for reargument denied, 271 App. Div. 939; *People ex rel. Goldman* v. *Jackson*, 280 App. Div. 125, and *People* v. *Kerschman*, 283 App. Div. 811.)

Incidentally, it appears that the relator did move in the nature of a *coram nobis* application in the Court of General Sessions for the purpose of attacking his sentence as a second offender, and such application was denied. In his petition here before the court, he also claims that such denial was

erroneous and in violation of his rights, particularly because he was denied a " personal hearing." Of course, his remedy in the event the denial of the *coram nobis* application was erroneous was to appeal from the order thereon, or to make a new application setting forth facts entitling him to a hearing.

It is clear that the relator was not entitled to a writ of habeas corpus. The defendant's motion is granted in all respects. The writ is quashed and the prisoner remanded.

Attorney-General to submit order.