GEORGE SMITH, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

93 N. W. 2d 499

Filed December 19, 1958. No. 34517.

*Reddish & Fiebig,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

In this action in this court George Smith is plaintiff in error and the State of Nebraska is defendant in error. The defendant in error will be hereinafter referred to as the State and the plaintiff in error as the defendant.

To the extent necessary to relate here, the defendant was charged with the criminal offense of burglary in an information filed in the district court for Keith County, Nebraska, containing five counts, each count of which contained a separate charge. He was duly tried to a jury and was convicted of the several offenses. A motion for new trial was duly filed. This motion was not ruled upon during the term at which the trial was had, which was the March 1958 term.

Thereafter and within the May term of court it appears that a hearing was had on the motion for new

trial and affidavits in support thereof. The motion was overruled and the defendant was sentenced to serve a term of not less than 2 nor more than 5 years on each count, the terms to be served consecutively and not concurrently. This was on July 18, 1958.

Thereafter the defendant brought the case to this court for review by petition in error the purpose of which was to seek a reversal of the conviction and sentences. A writ of error was duly issued.

On November 26, 1958, the defendant filed a motion in this court the declared purpose of which is to suspend the writ of error. In the motion it is recited that after sentence newly discovered evidence was obtained which entitles the defendant to a new trial. This second motion for new trial does not appear in the record here. By recital in the motion filed in this court it is declared that a hearing was had in the district court on the second motion for new trial on November 20, 1958, but that the court found that jurisdiction to consider it was suspended during the pendency of this error proceeding unless leave to consider it is given by this court.

The motion by its terms goes beyond the question of whether or not the district court has jurisdiction to hear and pass upon a motion for new trial based upon newly discovered evidence after a criminal conviction has been taken to the Supreme Court for review by petition in error. This question of jurisdiction to hear and make an adjudication upon a motion for new trial during the pendency of a proceeding in the Supreme Court, however, is the only one which may properly be considered herein.

The statutes of this state permit the filing of motions for new trial and the granting thereof on the ground of newly discovered evidence in criminal cases within 3 years of the date of the verdict in the case. § 29-2103, R. R. S. 1943. The motion filed in this case was therefore filed in time. The question of whether or not it is sufficient in substance is a matter not prop-

erly to be considered by this court at this time. That is a matter for consideration by the district court.

There is nothing in the statutes stating or indicating that consideration shall be delayed until after the decision on review by the Supreme Court of a conviction of a criminal offense on petition in error, unless permission to hear and determine is granted by this court. No decisions have been cited or found indicating that there should be any such delay. Reason appears to indicate that the legislative intent was that the two proceedings as such should be conducted separately and independently of each other, and that such independent conduct by the district court could not be regarded as an invasion of the jurisdiction of the Supreme Court.

It is to be observed of course that a motion for new trial is directed to the trial court. § 29-2101, R. R. S. 1943. There is no provision for filing such a motion elsewhere. As pointed out the only restriction on the right to file is that it shall be filed within 3 years after verdict. At no point is the right to file or to have an original adjudication upon it related to a proceeding for review. Specifically the statute relating to the filing of a motion for new trial on the ground of newly discovered evidence (§ 29-2103, R. R. S. 1943) contains no restrictions upon the jurisdiction of that court to hear and make an adjudication on the sufficiency or merits of the motion at any time after it has been filed.

Undoubtedly in a case where there had been a conviction and a review on petition in error by the Supreme Court resulting in affirmance a motion, if filed within 3 years, would be proper. If the district court properly sustained the motion the conviction and its affirmance would be nullified and a new trial would become necessary. Reasonably therefore it may not well be said that the exercise of this original jurisdiction of the trial court must be delayed and required to depend upon final disposition of the proceeding for review or upon consent of the reviewing court, when no such restric-

tion of power is declared. If there are valid grounds for re-examination on the basis of newly discovered evidence to ascertain whether or not a person has been wrongfully convicted the steps provided for such re-examination should be taken timely and without undue delay.

The conclusion reached is that the district court was not deprived of jurisdiction to hear and make a determination upon the motion filed in that court for a new trial based on alleged newly discovered evidence, but on the contrary was fully clothed with jurisdiction so to do.

The motion filed in this court to suspend the writ of error herein is therefore overruled.

MOTION OVERRULED.