STATE OF NEBRASKA, APPELLEE, v. DOUGLAS L. RHODES, APPELLANT.

190 N. W. 2d 623

Filed October 8, 1971. No. 38060.

Douglas L. Rhodes, pro se.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal from a denial of post conviction relief presents a very narrow issue. Appellant claims the failure of the trial court to advise him of his ineligibility for parole negates his guilty plea. There is no merit to appellant's contention.

On October 26, 1966, appellant, in the presence of his court-appointed counsel, entered a plea of guilty to a check charge and was sentenced for a term of 3 years in the Nebraska Penal and Correctional Complex, said sentence to be served consecutive to and to commence at the expiration of any sentences then being served. Appellant was then returned to California to complete his sentence in that state. In 1970 when he was paroled from the California state prison he was returned to Nebraska to serve his sentence.

Appellant insists his plea was involuntary because he was not told that he would be ineligible for parole under a sentence for a specific term. Appellant is confusing state and federal procedures. This question has been raised under rule 11, Federal Rules, Criminal Procedure, which is not binding on state courts, and there is a decided split of authority among the various Circuit Courts of Appeals on the point. If it were material, we would believe the correct holding would be that noneligibility for parole is not a consequence of a plea of guilty. Rather, it is the consequence of the withholding of legislative grace. See, Smith v. United States, 324 F. 2d 436; Trujillo v. United States, 377 F. 2d 266; and Sanchez v. United States, 417 F. 2d 494.

Under section 83-1,110, R. S. Supp., 1969, appellant is eligible for parole upon the completion of his sentence less the reductions granted to him. Laws 1969, c. 817, § 41, p. 3093. See, also, State v. McMillian, 186 Neb. 784, 186 N. W. 2d 481.

In a post conviction proceeding, the burden of proof is on the petitioner to establish a basis for relief. State v. Coffen, 184 Neb. 254, 166 N. W. 2d 593. This the appellant has failed to do.

The judgment of dismissal is affirmed.

AFFIRMED.