IN RE INTEREST OF WAYNE ALVIN GRANT.
WAYNE ALVIN GRANT, APPELLANT, v. GORDON M. DOESCHOT,
APPELLEE.
201 N. W. 2d 252

Filed October 13, 1972. No. 38207.

Bradford & Bloch and Richard J. Coenen, for appellant.

Donald L. Knowles and Colleen R. Buckley, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A separate juvenile court adjudicated Wayne Alvin Grant a delinquent child, committing him to the custody of the Department of Public Institutions. Grant appeals. He asserts that a de novo review requires reversal of the adjudication and that the trial court erred in denying him a hearing on his motion for new trial, the motion alleging newly discovered evidence. The court ruled that pendency of the appeal to this court ousted its jurisdiction.

The petition charged that Grant maliciously stabbed John Winterstein with intent to kill, wound, or maim the latter. Such conduct was proscribed in the criminal code. See § 28-410, R. R. S. 1943.

Winterstein and Grant, who were strangers, participated in a melee on March 2, 1971, in an Omaha parking lot where 30 to 50 teenagers were present. While Winterstein was attempting to separate two boys, someone behind him wrapped one arm around his neck and stabbed him with a hunting knife in the back. Grant was positively identified as the assailant by two witnesses. Winterstein did not know who stabbed him.

Other witnesses testified to close observation of Grant and the absence of any knife in his possession. They did not identify the assailant, although there was testimony that another teenager clad in a jacket like that of Grant was carrying a knife. Grant denied possession of a knife, but he conceded he had struck someone in the back with a hollow steel pipe in defense of a third person.

The parties concur that we are to review the adjudication de novo on the record and to reach an independent conclusion on disputed issues of fact. See §§ 25-1925, R. R. S. 1943, 43-238, R. S. Supp., 1972. If the evidence is so conflicting as to be irreconcilable, we consider the opportunity of the trial court to have observed the witnesses and judged their credibility. First Trust Co. v. Airedale Ranch & Cattle Co., 136 Neb. 521, 286 N. W. 766 (1939).

Application of the foregoing standards is complicated by the burden of persuasion. The record reflects no conclusion of law of the trial court on the subject. Since 1970 due process has required proof beyond a reasonable doubt during the adjudicatory stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. In re Winship, 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

The trial court adjudicated the delinquency of Grant in May 1971. The statute then provided for proof by a preponderance of evidence. See former § 43-206.03, R. R. S. 1943; Laws 1963, c. 252, § 4, p. 770. The Legislature by amendment prescribed proof beyond a reasonable doubt, but the amendment became effective on August 27, 1971, while Grant's appeal was pending. See § 43-206.03, R. S. Supp., 1971.

At the trial Grant neither raised a constitutional objection nor requested a conclusion of law on the burden of persuasion. No such issue is raised on appeal. We conclude that the evidence is sufficient to sustain the adjudication beyond a reasonable doubt and that the

opportunity of the trial court to observe the witnesses tips the scales in favor of affirmance. Our conclusion pitched against a different background might not withstand logical analysis, but further examination would be idle.

A separate juvenile court possesses jurisdiction to hear and determine a motion for new trial on the ground of newly discovered evidence during the pendency of an appeal to the Supreme Court. See, Finnern v. Bruner, 170 Neb. 170, 101 N. W. 2d 905 (1960); cf. Smith v. State, 167 Neb. 492, 93 N. W. 2d 499 (1958).

The refusal of the trial court to hear the motion of February 8, 1972, for new trial on the ground of newly discovered evidence was erroneous. The order refusing to hear the motion is reversed and the cause remanded for further proceedings in accordance with this opinion. The adjudication and commitment are affirmed subject to action on the motion. Costs on appeal are taxed to Grant.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.