STATE OF NEBRASKA, APPELLEE, v. MARTYN CHARLES YOUNGSTROM, APPELLANT.

214 N. W. 2d 27

Filed January 11, 1974. No. 39109.

T. Clement Gaughan and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant was charged in the District Court for Lancaster County with the felony offense of having possession of a forged instrument with intent to utter. The information further alleged that the defendant had been twice previously convicted of felony charges and had been sentenced thereon, and was therefore a habitual criminal. The defendant entered a plea of nolo contendere and a sentence of 10 to 12 years was imposed. He appeals. We affirm.

The defendant assigns as error and contends: (1) He was entitled to a separate hearing to determine whether he had been twice previously convicted and sentenced on felony charges. (2) The acts constituting the felonies of which he was convicted have since the convictions and previous to sentencing in this case been classified by the Legislature as misdemeanors and therefore the prior felony convictions should not be used to enhance punishment under the habitual criminal statute. (3) The trial court erred in not permitting him to withdraw his motion to vacate the sentence imposed on April 12, 1973, and to resentence.

We will treat the assignments in the order in which we have listed them.

The bill of exceptions discloses the defendant has at all times in these proceedings been represented by counsel. He first pled not guilty to a charge of possession of a forged $75 check with the intent to utter. Thereafter in

open court with the defendant and his counsel present, the State was granted leave to and did amend the information to allege in addition to the forgery charge: ". . . that on or about the 7th day of April, 1967, the said defendant, Martyn C. Youngstrom, was convicted of a crime, sentenced and committed to prison in the State of Nebraska for a term of not less than one year; that on or about the 18th day of November, 1969, the said defendant, Martyn C. Youngstrom, was convicted of a crime, sentenced and committed to prison in the State of Nebraska for a term of not less than one year; by which such convictions said defendant is deemed to be a habitual criminal." Thereafter, on the same day the amendment was allowed, the defendant withdrew his previous plea of not guilty. The record shows that previous to this withdrawal the defendant was advised as follows: ". . . do you understand in the event you enter a plea of guilty to this charge with the provision for the habitual criminal as included in the amended information that you will not be entitled to a trial by jury; you will not be entitled to any trial whatever; and the further disposition will be up to the Judge of this Court alone; and the penalty provided for possession of a forged instrument, under the habitual criminal act, would mean a sentence a minimum of ten to a maximum of sixty years? Do you understand that? DEFENDANT: Yes, sir."

It was then disclosed to the court that a plea bargain had been made, the substance of which was that the State would dismiss two other felony charges then pending against the defendant, one for burglary and one for forgery, if the defendant would plead guilty "to the charge of possession of a forged instrument, carrying, as it does in the amended information, the provision of a habitual criminal," and that the State would not make any recommendation to the court with regard to sentence.

The defendant acknowledged that the foregoing statement of the bargain was correct, but stated that he want-

ed "to plead just no contest." The State then indicated it had no objection to that plea.

The defendant then waived the 24-hour service of the amended information, stating: "I would like to have a copy, but waive the right of waiting."

He was then rearraigned on the amended information which was read in its entirety, including the allegation of the previous felony convictions. He then pled, "No contest, Your Honor." The court, before accepting the plea, explained that it was for most purposes the equivalent of a plea of guilty and gave a detailed explanation of the effects of such a plea and what rights were waived by it. The court specifically called to the defendant's attention that the information included the habitual criminal charge which was not included in the one to which he had earlier pled not guilty. There then followed an explanation that the plea waived trial and proof. The defendant stated that he understood. There then followed a further explanation of the defendant's rights and the effect of the plea and the elicitation of facts supporting voluntariness and a factual basis for the plea of guilty. This concluded with the following: "COURT: You still want your plea to stand; is that right, sir? DEFENDANT: Yes, Your Honor."

The defendant, to support his contention that despite his plea he was entitled to a hearing on and proof of the prior convictions, relies upon the following portion of section 29-2221, R. S. Supp., 1972: "If the accused is convicted of a felony and before sentence is imposed, a hearing shall be had before the court alone as to whether such person has been previously convicted of prior felonies. The court shall fix a time for the hearing and notice thereof shall be given to the accused at least three days prior thereto. At the hearing, if the court shall find from the evidence submitted that the accused has been convicted two or more times of felonies and sentences imposed therefor by the courts of this or any other state,

or by the United States, the court shall sentence such person so convicted as an habitual criminal."

An examination of the entire statute clearly shows that subsection (2) of section 29-2221, R. S. Supp., 1972, part of which has been quoted, is concerned with the situation where the accused is to be tried by a jury and is aimed toward preventing the verdict from being influenced by the prior convictions. It appears not to contemplate the situation where the defendant pleads guilty or nolo contendere and therefore has waived trial.

Suffice it to say that here the record discloses with great clarity that the defendant pled not only to the principal charge of possession of the forged instrument, but also that he intended to admit the prior convictions which give rise to the enhanced punishment.

Where the information charged the former convictions a plea of guilty confesses the prior convictions. The plea of nolo contendere is not any different in this respect. Brozosky v. State, 197 Wis. 446, 222 N. W. 311 (nolo contendere); People v. Hamlett, 408 Ill. 171, 96 N. E. 2d 547; Witte v. Dowd, 230 Ind. 485, 102 N. E. 2d 630; Wallace v. Lainson, 250 Iowa 854, 95 N. W. 2d 277; Hahn v. People, 126 Colo. 451, 251 P. 2d 316; Nash v. Commonwealth (Ky. App.), 272 S. W. 2d 464 (pleas of guilty). We do not in this case have a situation where the defendant admits the crime but at the same time denies the prior convictions which give rise to enhanced punishment.

Defendant's second assignment is not well taken. The fact that the previous offenses at the time of their commission and at the time of conviction thereof were felonies and have since been by statute reduced to misdemeanors will not preclude their use under the habitual criminal statute to enhance punishment. In re Harincar, 29 Cal. 2d 403, 176 P. 2d 58; People v. McConnell, 20 Cal. App. 2d 196, 66 P. 2d 720; State v. Ambrose, 212 La. 1062, 34 S. 2d 261; State v. Broussard, 213 La. 338, 34 S. 2d 883; People ex rel. Kruger v. Snyder, 261 App. Div. 352, 25 N.

Y. S. 2d 644; Emert v. Thorn, 249 App. Div. 301, 292 N. Y. S. 58; Salatte v. Bowers, 185 Misc. 858, 57 N. Y. S. 2d 571; State ex rel. Grandstaff v. Gore, 182 Tenn. 94, 184 S. W. 2d 366; Davis v. State, 148 Tex. Crim. 452, 188 S. W. 2d 177; People v. Kerschman, 283 App. Div. 811, 128 N. Y. S. 2d 411; Igo v. State (Okla. Crim.), 267 P. 2d 1082. We find no cases holding otherwise.

With reference to the third assignment, the record shows that subsequent to imposition of sentence on April 12, 1973, and after appeal to this court had been perfected, the defendant on July 19, 1973, filed a motion asking the court to vacate the sentence imposed on April 12, 1973, and resentence him on the forgery charge alone. The stated ground for this motion was the one with which we have dealt in connection with the first assignment. Later the defendant sought to withdraw his motion to vacate and resentence. The court refused leave to withdraw the motion, then purportedly set aside the sentence, held a hearing, received documentary evidence of the prior convictions, and then imposed the same sentence that it had on April 12, 1973. Defendant urges that we find all the proceedings after April 12, 1973, erroneous. Those proceedings were void as the authority of the District Court, after appeal to this court has been perfected, seems limited to granting a new trial on the basis of the newly discovered evidence. See, State v. Brewer, 190 Neb. 667, 212 N. W. 2d 90; Smith v. State, 167 Neb. 492, 93 N. W. 2d 499; Smith v. Goodman, 100 Neb. 284, 159 N. W. 418; and perhaps certain matters ancillary to appeal; Dudgeon v. Dudgeon, 142 Neb. 82, 5 N. W. 2d 133 (preliminary determination of sufficiency of supersedeas). In any event, in light of our determination of the first assignment, it follows that there was no prejudice to the defendant from the proceedings after April 12, 1973.

AFFIRMED.