STATE OF NEBRASKA, APPELLEE, v. CHARLES P. GRAHAM, APPELLANT.

219 N. W. 2d 723

Filed June 27, 1974. No. 39380.

William B. Brandt, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant appeals from the denial of relief in this post conviction proceeding. He predicates his appeal on four points: (1) Nebraska's habitual criminal statute, section 29-2221, R. S. Supp., 1972, is unconstitutional in that it inflicts cruel and unusual punishment; (2) his sentence was vague and indefinite in that it did not specify upon which count it was based; (3) he was not properly advised of his rights upon and prior to his plea of guilty to the habitual criminal charge; and (4) prescribed statutory procedures were not followed in applying the habitual criminal statute. We affirm.

Defendant, who at all times herein was represented by counsel, pled guilty to an amended information of two counts. The first count charged forcible breaking and entering; the second count charged defendant with being an habitual criminal. Defendant appeared for arraignment on February 7, 1969. At that time he filed an affidavit of poverty and the private counsel whom he had earlier retained was appointed to represent him. After the court fully advised defendant of his constitutional rights and the nature of the charges contained in counts I and II, defendant's counsel asked that further proceedings be deferred until February 13, 1969. This request was granted.

Defendant, who was released on bond, escaped from custody of his bail bondsman, and a bench warrant was issued for his arrest. He was apprehended outside the jurisdiction and returned to Nebraska. On March 7, 1969, he again appeared for arraignment. After again being advised of his rights, defendant advised the court he was ready to plead. He entered pleas of guilty to the charges contained in both counts I and II. Defendant's whole attack herein is premised on the proceedings relative to count II.

When the information was amended to include the habitual criminal charge, the court told the parties: "As

our Supreme Court has repeatedly said, a count relative to the Habitual Criminal Act does not allege a separate and distinct offense or crime; it merely goes to the question of increasing the penalty on the last felony conviction, * * *."

At the time of arrignment both counts were explained to defendant. With reference to count II, he was advised by the court that if found to be an habitual criminal, he would be subject to imprisonment in the Nebraska Penal and Correctional Complex for a term of not less than 10 nor more than 60 years. At the sentencing the court received and considered the presentence report. It revealed at least four prior felonies as well as some lesser offenses. The county attorney advised the court he had informed defendant's attorney that he would recommend a sentence of 10 years in the Nebraska Penal and Correctional Complex. Defendant's counsel, in reviewing defendant's record, told the court in his opinion the "minimum sentence under the habitual criminal act would be in order." The court accepted the recommendations and sentenced defendant to imprisonment in the Nebraska Penal and Correctional Complex for a term of 10 years, which is the minimum sentence for an habitual criminal.

On cross-examination in this post conviction proceeding, referring to the fact that the court had sentenced him to a term of 10 years in the Penal and Correctional Complex, defendant was asked: "Q And that's what you expected to receive, was it not? A That was the least I could get. Q And that is what I advised the Court and recommended and what your court-appointed attorney told you that he suspected would be the sentence? A Ten years, yah."

Also, on cross-examination, referring to his conversation with his attorney prior to sentencing, he said: "Yes. I think he said the best he could get was 10 years on habitual."

Defendant's first contention, in summary, is that the

habitual criminal statute constitutes cruel and unusual punishment because it is invoked only in the discretion of the county attorney and not in every instance in which it might be used. In State v. Losieau (1969), 184 Neb. 178, 166 N. W. 2d 406, we said: "This court has repeatedly sustained the constitutionality of the Habitual Criminal Law. In State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321, this court said: 'The contention that the recidivist statute, section 29-2221, R. R. S. 1943, violates constitutional guaranties of due process and equal protection is not persuasive. See, State v. Konvalin, 179 Neb. 95, 136 N. W. 2d 227; Poppe v. State, 155 Neb. 527, 52 N. W. 2d 422; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887; Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82.' See, also, Spencer v. Texas, 385 U. S. 554, 87 S. Ct. 648, 17 L. Ed. 2d 606.

"In Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82, this court held: 'This court is committed to the doctrines, viz.: * * * The legislature may enact an habitual criminal law punishing habitual offenders. * * * The habitual criminal law does not set out a distinct crime, but provides that the repetition of criminal conduct aggravates the guilt and justifies heavier penalties. * * * The fact that a defendant has been guilty of a second felony does not make him guilty under the habitual criminal law of an offense for which he may be separately sentenced, but increases the punishment for the last felony. * * * "Habitual criminality" is, under the habitual criminal law, a state rather than a crime, and warrants greater punishment because of past conduct.' "

The purpose of the habitual criminal act is to provide greater punishment for repetition of criminal conduct. The county attorney is permitted to use it where a defendant has had two previous felony convictions. Here, it was not invoked until defendant had four previous felony convictions. While it would be best to use it in every instance where a defendant has two previous felony convictions, there are other factors which a prose-

cuting attorney must consider. Time and availability of records are two of them. Whenever it is invoked, the county attorney must investigate the proceedings concerning the previous convictions and be prepared to defend those proceedings against attack. The fact that the county attorney is permitted a certain discretion and does not use the habitual criminal act in every instance does not make the act itself or its application unconstitutional as imposing cruel and unusual punishment. See State v. Martin (1973), 190 Neb. 212, 206 N. W. 2d 856.

There was nothing vague nor indefinite about the sentence imposed on defendant. Defendant understood the habitual criminal count only enhanced the sentence for breaking and entering. He further understood that the minimum he could receive was 10 years. He was given the minimum on the recommendations of the county attorney and his own counsel.

Defendant's third argument is premised on his allegation that no one told him that on an habitual criminal charge the minimum time which must be served would be 6 years and 25 days, which would be the period required for a 10-year sentence with time off for good behavior and statutory time. There is no requirement in our law that trial judges discuss parole possibilities with defendants. See State v. Rhodes (1971), 187 Neb. 332, 190 N. W. 2d 623.

Defendant's fourth assignment of error alleges the prescribed statutory procedures were not followed in his case. Section 29-2221(2), R. S. Supp., 1972, provides in part: "If the accused is convicted of a felony and before sentence is imposed, a hearing shall be had before the court alone as to whether such person has been previously convicted of prior felonies. The court shall fix a time for the hearing and notice thereof shall be given to the accused at least three days prior thereto."

After his plea and conviction for breaking and entering, defendant was asked if he was ready to plead to

count II. When he answered in the affirmative, the trial judge asked him if he wished to visit further with his counsel before entering a plea. Defendant answered that he did not. When defendant acknowledged he was aware that count II alleged he was an habitual criminal, the court accepted his plea of guilty and found him to be an habitual criminal. Defendant knew what was happening and wanted the court to take his plea without further delay. We held in State v. Huffman (1970), 185 Neb. 417, 176 N. W. 2d 506: "Participation in a hearing on an habitual criminal charge without objection is a waiver of the notice required by section 29-2221, R. S. Supp., 1967." More recently, however, in State v. Youngstrom (1974), 191 Neb. 112, 214 N. W. 2d 27, we said: "Where an information charges former convictions which give rise to enhanced punishment under the habitual criminal statute, a plea of nolo contendere or guilty to the information confesses the prior convictions and no hearing for proof of the convictions is required under section 29-2221(2), R. S'. Supp., 1972."

There is no merit to any of the defendant's assignments of error. The judgment is affirmed.

AFFIRMED.