IN RE INTEREST OF J.M., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. J.M., APPELLANT.
391 N.W.2d 146

Filed August 1, 1986.   No. 85-838.

Dorothy A. Walker and James R. Mowbray of Mowbray, Chapin & Walker, P.C., for appellant.

Leigh Ann DeVore, Deputy Lancaster County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On June 21, 1985, a juvenile court petition was filed in the separate juvenile court of Lancaster County, Nebraska. The

petition alleged that J.M., aged 14, was a person as defined in Neb. Rev. Stat. § 43-247(1) and (2) (Reissue 1984) by reason of the fact that on or between March 1 and May 31, 1985, he subjected M.H. to sexual penetration in violation of Neb. Rev. Stat. § 28-319(1)(b) (Reissue 1985), a felony, and subjected J.N. to sexual contact in violation of Neb. Rev. Stat. § 28-320(1)(b) (Reissue 1985), a misdemeanor. A hearing was held on September 9, 1985. By order entered September 12, 1985, J.M. was adjudicated to be a child as defined in § 43-247(1) in that there was evidence establishing beyond a reasonable doubt that J.M. did commit the offense of sexual contact against M.H. in violation of § 28-320(1)(b), a lesser-included offense within the charged violation of § 28-319(1)(b), and against J.N. in violation of § 28-320(1)(b). A dispositional hearing was held on October 17, 1985, and on October 18, 1985, the court denied J.M.'s motion for a new hearing and the judge ordered that J.M. "be committed to the custody of the Lancaster County Nebraska Jennie B. Harrel Attention Center Individualized Developmental Systems Approach (I.D.S.A.) Program [hereinafter Attention Center] . . . for a period of one year or such lesser time as determined by [his] progress . . . ." J.M. timely appeals to this court.

J.M. assigns four errors: (1) That it was error to overrule his motion for new hearing; (2) That it was error to overrule and dismiss his demurrer and his motion to quash and dismiss; (3) That it was error to find that the evidence established two counts of sexual contact beyond a reasonable doubt; and (4) That it was an abuse of discretion to deny J.M. probation and commit him to the custody of the Attention Center. We affirm.

The standard of review of a juvenile proceeding under § 43-247 is de novo on the record. The findings of fact made by the juvenile court will be accorded great weight because it observed the parties and witnesses and judged their credibility. *In re Interest of Aufenkamp*, 214 Neb. 297, 333 N.W.2d 681 (1983); *Grant v. Doeschot*, 189 Neb. 121, 201 N.W.2d 252 (1972).

Testimony at the adjudication hearing showed the following. J.M.'s mother operated an unlicensed day-care service in her home for approximately eight children. J.M. lived at home at

the time of the offenses and attended junior high school. Children would arrive at the house and leave at various times, depending upon their parents' work schedules. The parents of M.H., a 5-year-old, began taking M.H. and his sister to day care during the fall of 1981 and did so until the end of the spring school term of 1985.

On June 1, 1985, M.H. sustained an injury to his genitals, while at home. While his mother was attempting to console him, M.H. informed her that J.M. had made contact with M.H.'s genitals in certain specified ways. M.H.'s mother then called J.M.'s parents and then reported the matter to the police department.

At the hearing, M.H. testified that he and J.M. would play together. Occasionally, they would play in J.M.'s room. M.H. sometimes watched J.M. paint models. When they played in J.M.'s room, J.M. would sometimes shut the door.

M.H. further testified that on more than one occasion J.M. would remove his own pants and lower M.H.'s pants if M.H. would not do so, exposing both boys' genitals. M.H. would object to J.M.'s actions. J.M. would then make genital contact with M.H.'s genitals, oral contact with M.H.'s genitals, and digital contact with M.H.'s genitals. The acts occurred between March 1 and June 1, 1985. That time period was established by M.H.'s testimony that J.M.'s acts toward M.H. occurred after M.H. had a medical operation on February 22, 1985.

After the incident involving M.H. was reported to the police by M.H.'s mother, J.N. was contacted to determine whether J.M. had had sexual contact with J.N. J.N. was 4 years old. J.N.'s parents had started leaving him with J.M.'s mother for day care when J.N. was 2 or 3 months old. They discontinued that day care in the first part of June 1985.

J.N. testified that he and J.M would sometimes play in J.M.'s bedroom with the door shut. In J.M.'s bedroom, J.M. would touch J.N.'s "private parts."

J.M. would play with many of the children, both in the house and outside. Occasionally, J.M. would wrestle on the floor with more than one of the children.

While J.M. was not always home immediately after school, there were many instances in which he was. J.M. would help his

mother with caring for the children.

Appellant does not separately address the first very general assignment of error, and it will not be directly addressed herein. In the second assignment of error, J.M. asserts that he may not be prosecuted under § 28-320(1)(b) because the statutory scheme for sex crimes prohibits the prosecution of children his age (under 19) because they are presumptively incapable of forming the requisite intent. His argument, in this regard, is based on the wording of § 28-319(1), which provides in part: "Any person who subjects another person to sexual penetration and . . . (c) the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree." The quoted portion of the statute provides only that, in the factual situation described, that is, where the actor is 19 years old and the victim is less than 16, the consent of the victim is not a defense in a charge against the actor. That part of the statute does not, in any way, provide that an actor under 19 "is legally incapable of consenting to sexual conduct," as stated in appellant's brief at 6. Section 28-319(1)(c) provides only that a person under 16 may not legally consent to sexual penetration by an actor over 19. That situation is not the situation presented in this case where the actor is 14 and the victims 4 and 5.

Further, § 28-320(1)(b) requires only that the State prove that the sexual contact took place and that the actor knew or should have known that the victim was mentally or physically incapable of resisting the actor's aggressions. One who is 14 years of age may commit what amounts to a crime and may be tried as an adult. § 43-247. J.M. is not presumptively incapable of committing a crime or of violating § 28-320(1)(b). See *State v. Broomhall*, 221 Neb. 27, 374 N.W.2d 845 (1985), where a 14-year-old boy was convicted of assault in the first degree and second degree sexual assault. The evidence also is clear that J.M., although only 14, was much older and much more physically developed than the 4- and 5-year-old victims. The juvenile court was correct in overruling J.M.'s demurrer and in denying the motion to quash.

Appellant's third assignment of error asserts that the juvenile court erred in finding that the evidence established beyond a

reasonable doubt that J.M. committed two acts of sexual contact. Upon a de novo review of the record, taking into account that the juvenile judge saw the witnesses and adjudged their credibility, we find there was sufficient evidence to support the findings of sexual contact involving M.H. and involving J.N.

It is true that the evidence was in conflict. M.H., however, gave detailed testimony of the acts committed against him by J.M. In *State v. Hopkins*, 221 Neb. 367, 378, 377 N.W.2d 110, 118 (1985), we quoted *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985), for the proposition that

> [t]he general rule is that testimony of the victim of a sexual assault must be corroborated as to material facts and circumstances which tend to support the victim's testimony and from which, together with the victim's testimony as to the principal fact, an inference of guilt may be drawn. Corroboration of the principal act constituting the offense is not required.

Other evidence discussed below corroborated material facts and circumstances surrounding the incidents.

The testimony of J.N. shows that while J.M. did not remove or lower J.N.'s pants, J.M. touched J.N.'s "private parts." There was direct evidence of the principal act constituting the offense against J.N.

Additional evidence supplied the necessary corroboration and supports a finding of guilt beyond a reasonable doubt. Parents, upon picking up their children at the end of the day, saw J.M. at home. On some occasions the parents observed the children coming from J.M.'s room. M.H.'s mother observed M.H. coming from J.M.'s bedroom alone. J.N.'s parents had discussed the notion of private parts with him prior to the incidents involved herein. J.N.'s sleep patterns were upset sometime after the beginning of 1985. There was sufficient evidence to support the juvenile court's finding.

Appellant's final assignment of error challenges the court's disposition as excessive. Appellant asserts that he should receive inhome probation rather than placement in the Attention Center. In *In re Interest of Aufenkamp*, 214 Neb. 297, 301, 333 N.W.2d 681, 684 (1983), we stated that a "juvenile

court has broad discretion as to the disposition of a child found to be delinquent." The juvenile judge has broad discretion under Neb. Rev. Stat. § 43-286 (Reissue 1984), the disposition statute. Section 43-286(1)(c) provides that a juvenile adjudicated to be a juvenile described in § 43-247(1), (2), (3)(b), or (4) may be placed in an institution. In its disposition order the juvenile court noted that J.M. could be sent to the Youth Development Center-Kearney. However, the court found that J.M.'s behavior could be modified, and the community still could be protected, by committing him to the Attention Center.

We cannot find that the disposition is erroneous. The juvenile judge has broad discretion in the disposition of cases before him, and the statute allows the type of disposition made in this case. The disposition is appropriate and is affirmed.

AFFIRMED.