IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF KALEN M.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF KALEN M., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

KALEN M., APPELLANT.


Filed October 17, 2017.    No. A-16-1205.


Appeal from the Separate Juvenile Court of Douglas County: VERNON DANIELS, Judge. Reversed and remanded with directions to dismiss.

Thomas C. Riley, Douglas County Public Defender, and Timothy F. Shanahan for appellant.

Donald W. Kleine, Douglas County Attorney, Anthony M. Hernandez, and Laura E. Lemoine, Senior Certified Law Student, for appellee.


INBODY, PIRTLE, and RIEDMANN, Judges.

INBODY, Judge.

### INTRODUCTION

Kalen M. appeals the November 22, 2016, order of the Douglas County Separate Juvenile Court adjudicating him as a child within the meaning of Neb. Rev. Stat. § 43-247(2) (Supp. 2015) based upon the juvenile court's finding that the State had proved, beyond a reasonable doubt, that Kalen had committed the offense of first degree sexual assault.

- 1 -

## STATEMENT OF FACTS

In February 2016, the State filed a petition alleging Kalen came within the meaning of § 43-247(2) by reason of being a juvenile having committed an act which would constitute a Class II felony, i.e., first degree sexual assault, in that, on or about February 5, Kalen submitted the victim to sexual penetration and Kalen knew the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, in violation of Neb. Rev. Stat. § 28-319(1)(b) (Reissue 2016).

The adjudication hearing was held on November 4, 2016. The evidence established that Kalen's date of birth was February 2, 2003, and the victim was born in November 2003 and has autism and ADHD. Omaha Police Detective Kristine Love testified that, on February 5, 2016, she interviewed Kalen at police headquarters. Approximately 40 minutes into the interview, Kalen admitted penetrating the victim's anus approximately two centimeters with his penis. During the interview, which was admitted into evidence as exhibit 2, Kalen stated that the victim has autism and the victim "didn't know right from wrong" and "why would I do that because basically I'm corrupting him to do that." However, Kalen also stated during his interview that, even though the victim has autism, he is a "really smart kid" and the victim blamed Kalen when the victim gets into food that he is not supposed to eat. The incident occurred between December 2015 and January 2016 at a residence located in Douglas County, Nebraska.

Sarah Cleaver, a pediatric nurse practitioner at the Project Harmony Child Advocacy Center, testified that she examined the victim at Project Harmony on January 26, 2016. During the medical examination, the victim made statements that he was anally penetrated by Kalen. There was evidence regarding the victim's rectal bleeding but Cleaver was unable to make any determination as to whether the bleeding had anything to do with the reported sexual assault and, in fact, testified that the most likely explanation was the victim's history of constipation and reported constipation and bowel movement that morning. Thus, the victim's genital exam neither confirmed nor excluded the possibility of sexual abuse.

On November 22, 2016, the juvenile court entered an adjudication order finding that the State proved, beyond a reasonable doubt, that allegations of the petition were true.

## ASSIGNMENT OF ERROR

Kalen contends that the juvenile court erred in adjudicating him as a child within the meaning of § 43-247(2) based upon the court's finding that the State had proved, beyond a reasonable doubt, that Kalen had committed the offense of first degree sexual assault.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Becka P.*, 296 Neb. 365, 894 N.W.2d 247 (2017).

## ANALYSIS

Kalen alleges that the juvenile court erred in adjudicating him as a child within the meaning of § 43-247(2).

Under § 43-247(2), the juvenile court has jurisdiction over any minor under the age of 18 who has committed a felony. A finding and adjudication under § 43-247(2) can be made only upon proof beyond a reasonable doubt. Neb. Rev. Stat. § 43-279(2) (Reissue 2016). Although an adjudication is not a criminal proceeding, an appellate court takes guidance from the criminal laws of Nebraska in reviewing the same. *In re Interest of Adrian B.,* 11 Neb. App. 656, 658 N.W.2d 722 (2003). In this case, in order to adjudicate Kalen, the State had to prove that Kalen had subjected the victim to sexual penetration and Kalen knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his conduct. See § 28-319(1)(b). Kalen specifically assigned as error that the evidence adduced by the State did not support the juvenile court's determination that the State had proved, beyond a reasonable doubt, that he had committed the offense of first degree sexual assault.

The evidence establishes, beyond a reasonable doubt, that Kalen subjected the victim to sexual penetration. Not only did the evidence include the victim's allegations, Kalen admitted to sexually penetrating the victim's anus with his penis. However, the State also had to prove that Kalen knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his conduct.

The victim's lack of consent is not an element of the crime of sexual assault when the victim is incapable of resisting or appraising the nature of his or her conduct. *State v. Rossbach*, 264 Neb. 563, 572, 650 N.W.2d 242, 250 (2002). See, *State v. Collins,* 7 Neb. App. 187, 583 N.W.2d 341 (1998); *In re Interest of J.M.,* 223 Neb. 609, 391 N.W.2d 146 (1986). Under § 28-319(1)(b), the two-part analysis requires a significant abnormality, such as severe intoxication or other substantial mental or physical impairment, on the part of the alleged victim, and knowledge of the abnormality on the part of the alleged attacker. *State v. Rossbach, supra.* See *State v. Collins, supra.* "However, Nebraska criminal law also recognizes that an otherwise competent person can be sexually assaulted if the person is physically or mentally incapable of resisting." *State v. Collins*, 7 Neb. App. at 197, 583 N.W.2d at 348, quoting *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996).

During his interview, Kalen admitted that the victim has autism and the victim "didn't know right from wrong" and "why would I do that because basically I'm corrupting him to do that." However, Kalen also stated during his interview that, even though the victim has autism, he is a "really smart kid." Further, Kalen stated that when the victim would get into food that he was not supposed to eat, he would blame Kalen; this is evidence that the victim did understand right from wrong enough to keep himself from getting into trouble. Additionally, there was no evidence presented by the State regarding where the victim's autism fell on the autism spectrum, whether the victim's autism would render the victim incapable of resisting or appraising the nature of Kalen's conduct, and whether Kalen knew or should have known of the victim's inability to resist or appraise the nature of Kalen's conduct.

In this case, it was the State's burden to establish, beyond a reasonable doubt, all of the elements of the offense of first degree sexual assault, including that Kalen knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his conduct. However, stated simply, the State failed to adduce any evidence of whether Kalen knew or should have known that the victim was mentally or physically incapable of resisting or

appraising the nature of his conduct other than the simple admission that Kalen knew the victim has autism. This is insufficient to support the State's burden of proving the elements as charged beyond a reasonable doubt. Consequently, the juvenile court erred in adjudicating Kalen as a child within the meaning of § 43-247(2) and we reverse the order of adjudication and remand this cause with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.