STATE OF NEBRASKA, APPELLEE, v. DALE LEROY KONVALIN, APPELLANT.

136 N. W. 2d 227

Filed July 16, 1965. No. 35978.

Adolph Q. Wolf, Fred J. Montag, and Michael Mc-Cormack, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

CARTER, J.

The defendant was convicted in the district court for Douglas County for robbery with a gun of the persons of Kenneth Malskeit and Lorraine Orr, and of the further offense of assaulting Lorraine Orr with intent to rape. The defendant was sentenced to imprisonment for 20 years on each of the two counts for robbery with a gun, such sentences to run concurrently, and to an additional sentence of 7 years imprisonment for an assault on the person of Lorraine Orr with intent to commit rape. The defendant appeals.

The contentions of the defendant are: (1) The evidence was insufficient to sustain the convictions, (2) the trial court erred in admitting exhibits 4, 5, and 6, and (3) the sentence was excessive. No contention is made

that the jury was not properly instructed.

The evidence in this case shows that at about 12:30 a.m., on February 14, 1964, the complaining witnesses, Kenneth Malskeit and Lorraine Orr, were sitting in Malskeit's parked automobile in the 600 block on South Thirty-eighth Street in Omaha, Nebraska. A man with a gun suddenly approached the car, opened the door, pointed the gun at the complaining witnesses, and announced that "this is a stick-up." The gunman entered the car and ordered Malskeit to drive the car as directed. Twice during the ensuing trip, Malskeit was struck with the gunman's pistol for alleged failure to follow driving instructions. The car was stopped on a dirt road southwest of South Thirty-ninth Street and Pacific Street. The place was a lonely, uninhabited area, grown up to weeds near a railroad and what is described as a rock quarry. The gunman took money from each of the complaining witnesses. He then locked Malskeit in the trunk of the car and proceeded south with Lorraine Orr. Some distance south of the car he announced his intention to Lorraine that he was going to rape her. She resisted and was struck down by the gunman. When she regained consciousness, the gunman had removed her pettipants and was opening or removing his own clothing for the evident purpose of carrying out the act of sexual intercourse. Lorraine grabbed his gun hand and broke away in the darkness. In the meantime, Malskeit had broken the lock mechanism in the car trunk with a tire iron and was running in the direction from which the screams of Lorraine came when she met him. The gunman fired one shot from a pistol, but the two were able to escape in the darkness. They found their way to a residence in the general neighborhood, and the police were notified. The police made a cursory examination of the site of the crimes, but, due to darkness, the investigation was continued until the next morning. The next morning, a thorough investigation was made by the police. A nine millimeter shell casing

was found on the dirt road which is identified in the record as exhibit 6. The gunman was not apprehended at or about this time. The evidence of the robberies with a gun and the assault with intent to rape are not disputed by this record. The issue is primarily one of the identification of the gunman as being the defendant.

The evidence shows that the Malskeit automobile was equipped with an interior light which came on automatically when a door was opened. Each time the car door was opened, the complaining witnesses could plainly see the gunman. He was described as wearing a black leather jacket, and a hat which was pulled down on his head. They heard him talk and had a recollection of his exposed facial features. Subsequent to the commission of the crimes, they looked at police pictures in the police mug file, but were unable to identify any as the defendant. They attended three or four police lineups or showups until the last one held on April 24, 1964. At that time, they positively identified the defendant as the gunman who had robbed both of them and assaulted Lorraine. State v. Wilson, 174 Neb. 86, 115 N. W. 2d 794; Small v. State, 165 Neb. 381, 85 N. W. 2d 712, 70 A. L. R. 2d 984.

The nine millimeter shell casing found at the scene of the crimes was found to have been fired from a Luger pistol alleged to belong to the defendant. An expert from the ballistics laboratory of the Federal Bureau of Investigation testified that the "fingerprints" made by the firing pin of the Luger pistol on the shell casing found at the scene of the crimes established that the shell was fired from this particular Luger pistol and no other. The defendant contends that the Luger pistol was not his and that the court erred in admitting exhibits 4, 5, and 6 into evidence, the same being the Luger pistol, the cartridge clip taken from the Luger pistol, and the shell casing found at the site of the crimes, respectively.

The evidence shows that defendant and one Swoboda were arrested by the police while sitting in a stolen

car on the streets of Omaha. The two policemen searched them for guns and found an Italian Burretta on the defendant. The police took defendant and Swoboda to the police station in a police cruiser car. While he was being checked into the police station, police officer Carl Longstreth, one of the arresting officers, remembered that defendant was squirming and twisting in the back seat of the cruiser while being transported to the police station, and that he had heard metal striking metal during the drive to the station which, up until then, he assumed to be the handcuffs striking each other. He went down to the police garage and examined the rear seat of the cruiser car and found the Luger pistol forced between the upholstery with the butt only showing. The gun was found on the side of the car where the defendant had been sitting only a matter of minutes before. The testimony of the police officers is that this gun was not in the cruiser car prior to the arrest of the defendant and Swoboda. The evidence was a strong circumstance that was proper for the jury to consider. Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

The jury is the judge of the credibility of the witnesses and the weight to be given their testimony. Salerno v. State, 162 Neb. 99, 75 N. W. 2d 362. The evidence adduced was sufficient to sustain the verdict of the jury. We find no error in the record that requires this court to interfere with the verdict.

Defendant contends that the sentence imposed by the court was excessive. The trial court imposed two concurrent sentences of 20 years imprisonment for robbery with a gun, or, in the language of the statute, did forcibly and by violence, or by putting in fear, take from a person personal property with intent to rob and steal. An additional sentence of 7 years imprisonment was imposed for assaulting a female person with the intention to rape. This record shows that defendant has been sentenced to imprisonment for four different felonies in the past. The record indicates that at the time of his

arrest, he was engaged in the theft of an automobile. He is a man 41 years of age who appears to be a confirmed criminal. He states that he cannot get employment because of his previous record as a convict. In other words, he asserts his previous crimes as a justification or mitigation of the ones for which he now stands convicted. But the crime of assault to commit rape can hardly be asserted as the product of his inability to obtain employment because of his previous criminal record. The trial court evidently did not, and this court will not, accept such contentions as having any value in the consideration of a sentence for the heinous crimes here committed. The sentences are within the scope of the penalties provided by statute and the record does not show that the trial court acted in any manner other than on a fair and impartial consideration of the facts it had before it. There was no abuse of discretion by the trial court. Salerno v. State, *supra;* Thompson v. State, 159 Neb. 685, 68 N. W. 2d 267; Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380.

For the reasons stated, we find that the assignment of errors cannot be sustained and that the judgment of the district court should be and is affirmed.

AFFIRMED.