STATE OF NEBRASKA, APPELLEE, v. ROBERT WILLIAM LOSIEAU, APPELLANT.

166 N. W. 2d 406

Filed March 14, 1969. No. 37059.

Robert William Losieau, pro se.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WALTER H. SMITH, Distrist Judge.

WALTER H. SMITH, District Judge.

This is an appeal from the overruling of a motion to vacate and set aside a conviction and sentence for burglary and a sentence under the Habitual Criminal Law

and from the overruling of a motion for new trial, brought under the provisions of the Post Conviction Act.

The record shows that the defendant, Robert William Losieau, was found guilty by a jury of the crime of burglary under section 28-532, R. R. S. 1943, as alleged in Count I, and was found by the trial court to be a habitual criminal as alleged in Count II of the information. On January 12, 1962, defendant was sentenced for a term of 20 years in the Nebraska State Penitentiary. On June 6, 1968, defendant filed a motion to vacate and set aside said sentence alleging as reasons that he was deprived of a constitutional right to a trial by jury on the habitual criminal charge and that subsection (2) of the habitual criminal statute, section 29-2221, R. S. Supp., 1967, is unconstitutional in that it deprives an accused of a trial by jury. The trial court overruled this motion on June 10, 1968, on June 17, 1968, defendant filed a motion for a new trial which was overruled on June 18, 1968, and appeal taken to this court.

Defendant contends that he was denied a constitutional right to trial by jury on the habitual criminal charge and that subsection (2) of section 29-2221, R. S. Supp., 1967, was and is unconstitutional in that it deprives an accused of a right to a jury trial on serious offenses where the penalty is 2 years or more. In support of his position defendant cites Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491. This case holds that the defendant, accused under the Louisiana law of simple battery, a misdemeanor punishable by 2 years imprisonment and $300 fine, was entitled under the Sixth and Fourteenth Amendments to a jury trial and that a crime punishable by 2 years in prison is a "serious crime" and not a "petty offense," so that the Sixth and Fourteenth Amendments require the State to grant a jury trial. This case is no authority for the proposition here contended for by the defendant and is inapplicable to the question before the court. As will be hereinafter set forth, the hearing on Count II

as to habitual criminal was not the trial of a new or separate offense. Another case cited by defendant is Chewning v. Cunningham, 368 U. S. 443, 82 S. Ct. 498, 7 L. Ed. 2d 442. This was a habeas corpus proceeding commenced by a state prisoner in which the Supreme Court held that in the trial on a charge of being a habitual criminal the rule followed by the court concerning appointment of counsel in other types of criminal trials is equally applicable to proceedings under the Virginia statute, and denial of counsel where defendant requested one entitled him to a release on habeas corpus. The issue of trial by jury was not raised or decided by the court. It must be recognized that a defendant's right to counsel is not coextensive with the right to a jury trial. Similarly, other cases cited by the defendant do not support his contentions and no good purpose can be served by reviewing them here.

Subsection (2) of section 29-2221, R. S. Supp., 1967, known as the Habitual Criminal Law, provides as follows: "Where punishment of an accused as an habitual criminal is sought, the facts with reference thereto must be charged in the indictment or information which contains the charge of the felony upon which the accused is prosecuted, but the fact that the accused is charged with being an habitual criminal shall not be an issue upon the trial of the felony charge and shall not in any manner be disclosed to the jury. If the accused is convicted of a felony and before sentence is imposed, a hearing shall be had before the court alone as to whether such person has been previously convicted of prior felonies. The court shall fix a time for the hearing and notice thereof shall be given to the accused at least three days prior thereto. At the hearing, if the court shall find from the evidence submitted that the accused has been convicted two or more times of felonies and sentences imposed therefor by the courts of this or any other state, or by the United States, the

court shall sentence such person so convicted as an habitual criminal."

This court has repeatedly sustained the constitutionality of the Habitual Criminal Law. In State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321, this court said: "The contention that the recidivist statute, section 29-2221, R. R. S. 1943, violates constitutional guaranties of due process and equal protection is not persuasive. See, State v. Konvalin, 179 Neb. 95, 136 N. W. 2d 227; Poppe v. State, 155 Neb. 527, 52 N. W. 2d 422; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887; Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82." See, also, Spencer v. Texas, 385 U. S. 554, 87 S. Ct. 648, 17 L. Ed. 2d 606.

In Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82, this court held: "This court is committed to the doctrines, viz.: * * * The legislature may enact an habitual criminal law punishing habitual offenders. * * * The habitual criminal law does not set out a distinct crime, but provides that the repetition of criminal conduct aggravates the guilt and justifies heavier penalties. * * * The fact that a defendant has been guilty of a second felony does not make him guilty under the habitual criminal law of an offense for which he may be separately sentenced, but increases the punishment for the last felony. * * * 'Habitual criminality' is, under the habitual criminal law, a state rather than a crime, and warrants greater punishment because of past conduct." See, also, State v. Solano, 181 Neb. 716, 150 N. W. 2d 585; Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462; Gamron v. Jones, 148 Neb. 645, 28 N. W. 2d 403; Jones v. State, 147 Neb. 219, 22 N. W. 2d 710; State v. Sheldon, 179 Neb. 377, 138 N. W. 2d 428.

In Nebraska, under the Habitual Criminal Law and the holdings of this court, a charge that one accused of a crime as a habitual criminal is not a charge of a distinct offense or crime but is rather a direction of attention to facts which under the statute and the crime charged in the information are determinative of the

penalty to be imposed. The Habitual Criminal Law of this state does not purport to create a new and separate criminal offense, but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment. The increased punishment for the latest felony is a court determination and not one for a jury.

The judgment of the district court is correct and is affirmed.

AFFIRMED.