**Archie W. WILLEFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42785.

Court of Criminal Appeals of Texas.

April 29, 1970.

Rehearing Denied June 24, 1970.

Maurice U. Westerfield, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin; two prior Texas convictions, for the possession of heroin and for the possession of narcotics paraphernalia, were alleged under Article 725b, Vernon's Ann. P.C.; after a verdict of guilty by the jury, the court assessed the punishment at life.

Houston narcotics officers went to an apartment building and set up a surveillance and observed the apartment where Tommy Hawkins resided for some six hours. From another apartment they observed Willeford, the appellant, and Hawkins enter and leave the apartment at different times. Each man would leave the apartment and go to a shed-like carport and would remain there behind a trailer for approximately one minute each time and then return to the apartment.

At approximately seven o'clock in the evening, Officer Bell went to the area where appellant and Hawkins had been visiting and found two syringes wrapped in paper and a penny matchbox with two capsules containing heroin on a brace or piece of angle iron underneath the trailer. The officers then marked the articles and returned them to the brace and went to their observation points to continue the surveillance. Shortly thereafter they saw Willeford come out of the apartment, go to the trailer and return before they could approach him. Then Hawkins came out, went behind the trailer and was arrested on his way back. The officers found one of the previously marked packages with the syringes in Hawkins' pocket. As appellant stepped out of the apartment, he was arrested, and the officers found the previously initialed matchbox which contained the two capsules of heroin in his pocket.

Appellant contends in the second ground of error that the heroin was found as the result of an illegal search of a home without a warrant and testimony of the officer and the heroin should not have been admitted into evidence.

■ The evidence shows that there were some fifteen to twenty separate apartments. The trailer, the ownership or control of which is not shown, was parked in a parking area for the apartments which was separated from the apartments by a brick wall and a "regular little courtyard." There was no showing that the place where the trailer was parked was assigned to the apartment occupied by Hawkins. It was not shown that there was a search of any property that appellant owned, possessed or had a right to use. Appellant has no standing to question the legality of the search. Schepps v. State, Tex.Cr.App., 432 S.W.2d 926.

Appellant relies upon Niro v. United States, 1 Cir., 388 F.2d 535. It is not in point. There a locked, completely enclosed, garage leased by Niro was searched, and the court held that he had standing to complain.

The second ground of error is overruled.

In the first ground of error, complaint is made that the search of appellant was illegal and the heroin seized was inadmissible, because there was no probable cause for the arrest.

■ Outside the presence of the jury, Officer Bell testified that he and his partner went to the apartment house as a result of a telephone call from an informant from whom he had previously received reliable information which had led to convictions for narcotic violations. They then set up the surveillance to secure additional information in order to obtain a search warrant. It appears that the narcotics officers with the information from the informant, plus the finding of the syringe and the capsules as set out above had sufficient facts and probable cause to believe that a crime was being committed in their presence at the time the arrest was made.

Article 14.01, Sec. (b), Vernon's Ann.C.C.P., provides:

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

See Thompson v. State, Tex.Cr.App., 447 S.W.2d 175, and Rangel v. State, Tex.Cr.App., 444 S.W.2d 924.

The first ground of error is overruled.

■ It is noted that the sentence reads that the punishment is for life. Article 725b, V.A.P.C., provides that upon a second or subsequent conviction one is punishable by imprisonment "[f]or not less than 10 years nor more than life." This specific provision of Article 725b, supra, controls and the provisions of Article 63, V.A.P.C., our habitual criminal statute, are not applicable. Granado v. State, Tex.Cr.App., 329 S.W.2d 864. The sentence is reformed to read "for not less than ten years nor more than life."

The judgment, with the sentence reformed, is affirmed.