STATE OF NEBRASKA, APPELLEE, V. RONALD F. GOODLOE,
APPELLANT.

250 N. W. 2d 606

Filed February 16, 1977.   No. 40643.

James A. Nanfito and Charles A. Nanfito, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The defendant was charged in two separate felony actions. The first information charged the defendant, in count I, with willful reckless driving, third offense, in violation of section 39-669.06, R. R. S. 1943; and in count II, with being a habitual criminal. The second information charged the defendant, in count I, with operating a motor vehicle to avoid arrest in violation of section 60-430.07, R. R. S. 1943; and in count II, with being a habitual criminal.

A jury trial was held on the issues of whether the defendant was guilty of willful reckless driving and operating a motor vehicle to avoid arrest. The jury found the defendant guilty of both offenses. The issues of whether the defendant was guilty of a third offense of willful reckless driving and whether he was a habitual criminal was tried to the court. The court found that this was the defendant's third offense of willful reckless driving and that he was a habitual criminal. The court sentenced the defendant to a term of 10 to 15 years' imprisonment in the Nebraska Penal and Correctional Complex on each information, the two sentences to run concurrently. The defendant appeals both convictions. We affirm the judgment, and modify the sentence of the District Court.

The defendant makes numerous assignments of error. His first assignment of error is that the District Court committed error when it refused to dismiss the information charging him with a violation of section 60-430.07, R. R. S. 1943, on the ground of former jeopardy. The defendant's argument is that his acquittal from a charge of driving while under suspension or revocation of his driver's license prohibits the State from further prosecution arising out of the same series of events, or transactions, out of which the charge of driv-

ing while under suspension or revocation of his driver's license arose. There is no merit to this contention.

This court has held that a distinction exists between an offense and the unlawful act out of which it arises, it being possible that two or more distinct offenses may grow out of the same transaction or act; and the rule that a person cannot be twice put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act. Jeppesen v. State, 154 Neb. 765, 49 N. W. 2d 611 (1951). In that case we stated: "Neither in the Constitution of the United States nor in the Constitution of Nebraska is there any prohibition against successive prosecutions if the wrongful act is the cause of separate and distinct offenses."

The defendant was charged with three separate and distinct statutory offenses: Driving while under suspension or revocation of driver's license, willful reckless driving, third and subsequent offenses, and operation of a motor vehicle to avoid arrest. His acquittal on the charge of driving while under suspension or revocation of driver's license did not forbid the other prosecutions arising out of the same incident. The District Court correctly refused to dismiss the information charging defendant with a violation of section 60-430.07, R. R. S. 1943.

The defendant's second assignment of error is that the District Court committed reversible error when it denied his motion for a continuance. "A motion for a continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal." Korte v. Betzer, 193 Neb. 15, 225 N. W. 2d 30 (1975). See, also, State v. Newton, 193 Neb. 129, 225 N. W. 2d 562 (1975). The record shows that the defendant was charged on May 8, 1975.

From that time onward, he was continuously represented by counsel. New counsel was retained on November 10, 1975, and the trial set for November 18, 1975. The motion for continuance was made on November 13, 1975. Based upon our review of the record, we find no prejudice to the defendant, and no error by the District Court in refusing to grant a continuance.

The defendant's third assignment of error is that the District Court committed reversible error when it overruled his motion to suppress the testimony of Susan Paine, on the ground that the State had not complied with his motion for discovery in good faith.

The defendant filed a motion for discovery on November 13, 1975. At a hearing on November 14, 1975, the State indicated that it had no knowledge of the whereabouts of Susan Paine. A subpoena had been issued on October 10, 1975, for her to testify on November 18, 1975. At this hearing, the prosecuting attorney informed the parties present of Susan Paine's last-known address. Susan Paine returned to the jurisdiction on November 17, 1975, and was served with a subpoena at that time. The State's counsel immediately notified the defendant's counsel of this fact. On the morning of the trial, the defendant's counsel was given 15 minutes to interview Susan Paine.

Susan Paine testified that she was sent out of the jurisdiction by her father and mother, and that they also made the decision for her to return. Susan Paine's mother testified that she was aware that the prosecution wanted Susan to testify. She stated that she and her husband made the decision for Susan to return, and that the decision to send her away was based in part on their deep concern for her safety. Both Susan and her mother denied that there was any agreement with law enforcement officials or anyone else concerning her testimony. We find no evidence to support the defendant's charge that the State did not in good faith comply with his motion for discovery. The District

Court correctly overruled the motion to suppress the testimony of Susan Paine.

The defendant next alleges that the District Court committed reversible error when it denied the defendant's motion to suppress the in-court identification by Officer Cupido of the defendant as the driver of the motor vehicle he pursued on May 7, 1975, on the ground that this identification was based upon impermissible pretrial identification procedure. There is no merit to this contention. It is clear from the record that Officer Cupido's in-court identification of the defendant was based upon his observation of the defendant during the episode giving rise to these proceedings. The District Court correctly denied the defendant's motion to suppress this testimony.

The defendant next contends that there was insufficient evidence to find him guilty of willful reckless driving and operating a motor vehicle to avoid arrest. This contention is without merit. Officer Cupido testified that he followed the defendant's vehicle during the incident, which occurred around midnight. At times, he stated, his speed reached over 100 miles per hour. The defendant was going at least 40 or 50 miles per hour in a 25-mile per hour residential zone at one point. The defendant's vehicle was accelerating as it traveled through a residential area. While driving in town, the defendant failed to stop at a stop sign. Officer Cupido testified that during the incident he observed the defendant cross over the median of the highway. Part of the chase took place on a state highway. The defendant had a passenger in his vehicle during this episode. Officer Cupido's lights were flashing and his siren was on as he pursued the defendant. There is sufficient evidence in the record to support the jury's finding that the defendant was guilty of willful reckless driving and operation of a motor vehicle to avoid arrest.

The defendant next argues that section 60-430.07, R.

R. S. 1943, is vague, ambiguous, and overbroad, violating constitutional guarantees of due process of law. Section 60-430.07, R. R. S. 1943, was held constitutional, after a similar attack in State v. Etchison, 190 Neb. 629, 211 N. W. 2d 405 (1973), cert. den. 416 U. S. 943 (1974).

The defendant next contends that the District Court erred in giving instruction No. 5 over the defendant's objection. That instruction required the jury to find, in order to convict the defendant of violating section 60-430.07, R. R. S. 1943, that the defendant was operating a motor vehicle upon a public highway or road of the State; that he had violated a law of the State; and that he was willfully fleeing in such vehicle in an effort to avoid arrest for violating the law. This was a correct statement of the law. There was no error in giving the instruction.

The defendant also contends that it was error for the District Court to refuse to give two instructions tendered by him. We have examined these instructions. It was proper to refuse them.

Lastly, the defendant contends that sentencing him as a habitual criminal violated his constitutional rights to be free from cruel and unusual punishment and to be free from double jeopardy. We have previously held that the habitual criminal statute, section 29-2221, R. R. S. 1943, does not violate the constitutional prohibition against cruel and unusual punishment. State v. Martin, 190 Neb. 212, 206 N. W. 2d 856 (1973). Sentencing the defendant under the habitual criminal statute does not subject the defendant to double jeopardy. The defendant is not being punished again for past offenses. He was sentenced for a different offense. The previous convictions, however, under the habitual criminal act, operated to increase the penalty for the last offense. The habitual criminal act represents a legislative determination that the repetition of criminal conduct justifies and warrants greater punishment than

ordinarily would be considered. See, State v. Tyndall 187 Neb. 48, 187 N. W. 2d 298 (1971); Davis v. 'O'Grady, 137 Neb. 708, 291 N. W. 82 (1940). There is no merit to this contention.

Under section 29-2308, R. R. S. 1943, this court may reduce a sentence when in its opinion that sentence is excessive. The District Court sentenced the defendant to a term of 10 to 15 years imprisonment in the Nebraska Penal and Correctional Complex on both informations, the two sentences to run concurrently. We have reviewed the record and believe that a more appropriate sentence in this case would be 10 years on each information, the two sentences to run concurrently.

The judgment of the District Court as modified is correct and is affirmed.

AFFIRMED AS MODIFIED.