568 P.2d 616

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Thomas HEYWARD, aka Heyward Thomas, aka Flaco, aka Thomas Heywood, Defendant-Appellee.**

**No. 3017.**

Court of Appeals of New Mexico.

Aug. 23, 1977.

Toney Anaya, Atty. Gen., Dennis Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, William Lazar, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

■ Does the enhanced sentence provision of the general habitual offender statute, § 40A–29–5(A), N.M.S.A.1953 (2d Repl. Vol. 6), apply to defendant's conviction for trafficking in heroin? No.

The information charges a felony conviction in 1972 for unlawful possession of heroin and a second felony conviction in 1977 for trafficking in heroin. The trafficking conviction was for violation of § 54–11–20, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp. 1975), a part of the Controlled Substances Act. The State sought to enhance the sentence for trafficking under § 40A–29–5(A), *supra.* The trial court granted defendant's motion to dismiss on the basis that the Legislature did not intend the enhanced sentence provision of the Habitual Offender Act should apply to the trafficking offense. The State appeals.

Several decisions have considered the relationship of the habitual offender statute to other sentencing statutes. In determining the applicable statute, two concepts are considered: (1) are the statutes in conflict, and (2) what was the legislative intent?

In *State v. Lujan*, 90 N.M. 103, 560 P.2d 167 (1977), the statute granting the trial court discretionary power to suspend a sentence conflicted with the mandatory sentencing provision of the habitual offender statute. Because of the wording of § 40A–29–5, *supra*, it was held that the Legislature intended the mandatory sentencing provision should apply.

In *State v. Roland*, 90 N.M. 520, 565 P.2d 1037 (Ct.App.1977), the sentencing provision for the first armed robbery conviction did not conflict with the mandatory sentencing provision of the Habitual Offender Act.

There being no conflict, the legislative intent for a mandatory sentence applied.

The results are not different in cases involving drugs. In *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974), the larceny sentence was enhanced under the habitual offender statute on the basis of prior convictions for the sale or delivery of a hallucinogenic drug. The applicable drug statute did not conflict with the Habitual Offender Act; legislative intent controlled.

In *State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966), the applicable drug law conflicted with the Habitual Offender Act; the legislative intent was that narcotic violations were to be punished under the applicable drug law.

One decision has considered the relationship of the Habitual Offender Act to the Controlled Substances Act. It is *State v. Alderete*, 88 N.M. 150, 538 P.2d 422 (Ct.App. 1975). The State sought to enhance defendant's sentence for his third heroin possession offense by utilizing § 40A–29–5, *supra*. *Alderete* held there was no conflict between the penalty for unlawful possession of heroin and the enhancement provision of the habitual offender law. However, after examining the penalty provisions of the Controlled Substances Act and the legislative history of that act, we concluded:

". . . where the Legislature intended an enhanced penalty to apply to a violation of the Controlled Substances Act it so provided within the act."

■ Defendant has committed his first trafficking offense. The penalty for this first offense does not conflict with the enhanced sentence provision of the Habitual Offender Act. Compare *State v. Roland, supra*. Absent such a conflict, what was the legislative intent? In enacting the habitual offender statute, the Legislature intended the mandatory sentencing provision to apply generally. *State v. Lujan*, 90 N.M. 103, 560 P.2d 167, *supra*. However, the penalty provisions and legislative history of the Controlled Substances Act show a legis-

lative intent that the only enhanced sentences for Controlled Substances Act violations were the enhanced penalties provided in that act. *State v. Alderete, supra.* Section 40A–29–5(A), *supra*, is not applicable.

The order dismissing the habitual offender charge is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.