STATE OF NEBRASKA, APPELLEE, V. ELMER A. CHAPMAN, APPELLANT.

287 N. W. 2d 697

Filed January 22, 1980.   No. 42724.

Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Defendant, Elmer A. Chapman, was charged with third offense operation of a motor vehicle while under the influence of alcoholic liquor and as being a habitual criminal.   Evidence was introduced at trial to show police observed the defendant driving in an erratic manner on August 2, 1978.   When the police arrived, the defendant was out of the car.   Evidence was also introduced that the defendant's speech was slurred and his eyes were bloodshot.   After trial by jury, a verdict of guilty to the driving while intoxicated charge was returned.   At a later hearing, evidence was received of three previous convictions of the defendant for driving while intoxicated and on the basis of this evidence, the court found that the current offense was a third offense.   An additional hearing was held on whether the defendant was a

habitual criminal. The defendant had previously been convicted of malicious destruction of property and driving while intoxicated, third offense. Based upon evidence of these two convictions for a felony, for each of which he was sentenced to a term of not less than 1 year and committed to prison in this state, the court determined the defendant should be sentenced as a habitual criminal under section 29-2221, R. R. S. 1943. Defendant was sentenced to a term of 10 years in the Nebraska Penal and Correctional Complex with credit for 22 days served in jail. We reverse and remand.

Defendant contends the trial court erred in sentencing him as a habitual criminal since the recidivist statute provides for a disproportionate penalty contrary to law. His position is that the Legislature has established a proportionate penalty for the operation of a motor vehicle by a person who is under the influence of alcoholic liquor, third offense. Prior to the new criminal code, that penalty was 1 to 3 years imprisonment. § 39-669.07, R. R. S. 1943.

Chapman attacks the sentence resulting from application of the habitual criminal statute on constitutional grounds. Article I, section 15, of the Constitution of Nebraska, provides in part: "All penalties shall be proportioned to the nature of the offense * * *." While arguably the sentence is severe in proportion to the offense charged, we do not reverse on this ground. The recidivist statute has been upheld repeatedly against almost every conceivable constitutional challenge, including due process, double jeopardy, and cruel and unusual punishment. State v. Losieau, 184 Neb. 178, 166 N. W. 2d 406 (1969); State v. Harig, 192 Neb. 49, 218 N. W. 2d 884 (1974). This court has concluded the recidivist statute comprises permissible legislative judgment on sentencing. State v. Konvalin, 179 Neb. 95, 136 N. W. 2d 227 (1965); Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82 (1940).

Although we do not find the defendant's constitutional attack persuasive, we do disagree with the trial court's application of the habitual criminal statute. The threshold question is whether a defendant currently convicted of driving while intoxicated, third offense, and convicted of two previous felonies may be sentenced as a habitual criminal. This court is reluctant to apply an expansive reading to the Habitual Criminal Act for the reasons set forth.

For the first time, this court faces the question of whether a previous conviction of an offense made a felony solely by reason of a previous conviction may be utilized as a basis for an adjudication of habitual criminality under the habitual criminal statute. We hold that offenses which are felonies because the defendant has been previously convicted of the same crime do not constitute "felonies" within the meaning of prior felonies that enhance penalties under the habitual criminal statute.

The weight of authority is against double penalty enhancement through application of both a specific subsequent offense statute and a habitual criminal statute. Goodloe v. Parratt, 605 F. 2d 1041 (1979). As pointed out by the Eighth Circuit Court in Goodloe, these decisions do not rest on federal constitutional grounds. The issue of whether, upon conviction of a misdemeanor, sentence could be imposed on a felony charge under a habitual criminal statute rests on an interpretation of state law. United States ex rel. Glenn v. Pate, 406 F. 2d 68 (7th Cir., 1969).

In State v. Goodloe, 197 Neb. 632, 250 N. W. 2d 606 (1977), this court said that sentencing a defendant as a habitual criminal, charged with willful and reckless driving and with operating a motor vehicle to avoid arrest, did not violate the defendant's constitutional guaranties. Goodloe did not raise the question of whether the Legislature intended a third or subsequent conviction of the misdemeanor to be a

"trigger" felony conviction for the application of the Habitual Criminal Act.

The statute prohibiting driving while under the influence of alcoholic liquor, section 39-669.07, R. R. S. 1943, specifically provides for a penalty within the terms of the statute. The applicable section provides: "* * * (3) if such conviction is for a third offense, *or subsequent offense thereafter,* such person shall be imprisoned * * * for not less than one year nor more than three years * * *." (Emphasis supplied.) On the basis of the specificity of the statutory language, we conclude that the Legislature intended that convictions for third offense and all subsequent offenses under section 39-669.07 should be treated similarly. Several states have held that penalty enhancement provisions set forth for subsequent offenses of specific crimes must be used when applicable *instead* of sentencing under a habitual criminal act, implying that both statutes may not be used for double penalty enhancement in sentencing for one offense. Goodloe v. Parratt, *supra*; State v. Heyward 90 N. M. 780, 568 P. 2d 616 (1977); Lloyd v. State, 139 Ga. App. 625, 229 S. E. 2d 106 (1976); State v. Loudermilk, 221 Kan. 157, 557 P. 2d 1229 (1976); Willeford v. State, 454 S. W. 2d 745 (Tex., 1970); Broome v. State, 440 P. 2d 761 (Okla., 1968). The American Bar Association has condemned the enhancement of a felony term on the basis of prior misdemeanors on the rationale that misdemeanors by nature do not threaten the security of the public to the same extent as felonies. ABA Standards Relating to Sentencing Alternatives and Procedures, Commentary, § 3.3 (f), p. 167.

The language of section 39-669.07 (3), R. R. S. 1943, specifically exempts offenders such as Chapman from the operation of the habitual criminal provision.

We conclude the Legislature has established the penalty for operation of a motor vehicle by a person

who is under the influence of alcoholic liquor in section 39-669.07, R. R. S. 1943. For this reason, the sentence of the trial court is reversed and the cause is remanded with directions to impose an appropriate sentence.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON, J., concurring in the result.

I concur in the portion of the opinion which is founded upon the language of section 39-669.07, R. R. S. 1943. It is clear to me that the language: ". . . (3) if such conviction is for a third offense, or subsequent offense thereafter, such person shall be imprisoned in the Nebraska Penal and Correctional Complex for not less than one year nor more than three years . . ." clearly and unambiguously indicates the legislative intention that the habitual criminal act not apply for convictions under section 39-669.07, R. R. S. 1943, and the maximum sentence for all subsequent offenses is 3 years. Under the new Criminal Code, the maximum penalty would be 5 years. § 28-105, R. S. Supp., 1978.