STATE OF NEBRASKA, APPELLEE, V.
HAROLD C. ISIKOFF, ALSO KNOWN AS
HERBERT SAMUEL CHRISTENSEN, JR., APPELLANT.

314 N.W.2d 30

Filed January 4, 1982.   No. 44229.

Donald E. Rowlands II of Baskins & Rowlands for appellant.

Paul L. Douglas, Attorney General, and Lynne Fritz for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

McCown, J.

The defendant was found guilty by a jury on a charge of escape and subsequently found to be an habitual criminal. The District Court sentenced the defendant to imprisonment for not less than 11 years nor more than 11½ years, the sentence to be served consecutively to other sentences previously imposed.

The defendant's principal assignments of error are grounded on his contention that the evidence was insufficient to establish the habitual criminal count, but he does not contest his guilt on the charge of escape. He does contend that the Nebraska habitual criminal act is unconstitutional.

On the habitual criminal count the State alleged that the defendant had previously been convicted, sentenced, and committed to prison in the State of South Carolina on four separate felony convictions specifically set out in the information. The defendant objected to the introduction of the authenticated copies of the judgments of conviction upon the grounds that the name of the defendant on those convictions was different than the defendant's, the convictions did not affirmatively show a commitment to prison, and that a silent record was insufficient to establish the constitutional validity of the guilty pleas which gave rise to the convictions.

The evidence introduced at the hearing on the habitual criminal charge, in addition to authenticated copies of the judgments of conviction, also contained the verbatim court proceedings of the entries of guilty pleas to each of the four felony charges. That record showed that the defendant was represented by counsel in each case and that in at least three of the four cases the arraignment was complete and thorough and in all respects in accordance with the standards for determining the validity of guilty pleas established by this court in *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

The individual named in the South Carolina con-

victions was Herbert Christensen. In the present case the State produced witnesses who identified the defendant Isikoff as the same individual designated as Herbert Christensen in the South Carolina convictions, and records and fingerprint evidence established that the defendant Isikoff and Herbert Christensen were one and the same individual.

The defendant also argues that the certified copies of the convictions are insufficient because they do not show that the defendant was committed to prison thereafter. That argument was specifically rejected by this court in *State v. Addison*, 197 Neb. 482, 249 N.W.2d 746 (1977).

The defendant contends that the Nebraska habitual criminal act is unconstitutional as the county attorney has unrestricted discretion to file or not to file habitual criminal charges. The argument is unpersuasive. This court has consistently held that the Nebraska habitual criminal act is constitutional both under the U.S. Constitution and under the Nebraska Constitution. See, *State v. Goodloe*, 197 Neb. 632, 250 N.W.2d 606 (1977); *State v. Fowler*, 193 Neb. 420, 227 N.W.2d 589 (1975); *State v. Losieau*, 184 Neb. 178, 166 N.W.2d 406 (1969).

The Nebraska habitual criminal act does not purport to create a new and separate criminal offense, but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment. The increased punishment for the latest felony is a court determination and not one for the jury.

The defendant's remaining assignments of error are without merit.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.